UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MID AMERICA SOLUTIONS, LLC,

    Plaintiff,

v.

MERCHANT SOLUTIONS
INTERNATIONAL, INC., et al.,

    Defendants.

_____/

Hon. Robert Holmes Bell

Case No. 1:15-cv-0563-RHB

## MEMORANDUM OPINION AND ORDER

On January 8, 2016, the Court entered an order granting defendants' motion to compel discovery and ordered defendants to file a petition for reasonable expenses incurred in making the motion to compel. (ECF No. 32, PageID.434). This matter is before the Court on defendants' petition for reasonable expenses. (ECF No. 35). Defendants seek $7,637.50 in fees. (*See* Petition at 2, ECF No. 35, PageID.448).

Plaintiff objects to the amount of fees being sought in the petition. (ECF No. 44). Plaintiff argues that defendants should not be allowed to recover costs associated with their unsuccessful motion to quash third-party subpoenas (ECF No. 18), which was heard by the Court at the same time as the motion to compel, and that the fee petition is otherwise unreasonable in the amount requested. (*See* Pltf's Objections at 2-3, ECF No. 44, PageID.648-49).

Having considered the parties' written submissions, as well as the oral arguments during the January 8, 2016, hearing, defendants' petition will be granted in part and denied in part.

## Procedural and Factual Background

This case involves claims of breach of contract and fraud relating to credit card processing services. Pursuant to the Case Management Order, discovery closed March 31, 2016. (ECF No. 8, PageID.30).

On December 8, 2015, defendants filed a motion asking the Court "to issue a protective order and/or partially quash" third-party subpoenas (motion to quash). (ECF No. 18). The subpoenas *duces tecum* at issue required two nonparties to produce documents in Symmes Township, Ohio, and Tempe, Arizona, respectively. (*See* ECF No. 18-3, PageID.111; ECF No. 18-4, PageID.176; *see also* FED. R. CIV. P. 45(c)(2) (place of compliance for document production is "within 100 miles of where the person resides, is employed, or regularly transacts business")). Defendants argued that the subpoenas unnecessarily sought trade secrets and other confidential information from the nonparties, and that the scope of the documents requested was overly broad. (*See* ECF No. 18, PageID.98-101). Defendants did not address in their motion whether they had standing to bring it; nor did they offer any explanation as to why they filed the motion in this Court, despite the requirement of Rule 45(d)(3)(A) that the motion be brought in the district in which compliance is required. The Court scheduled a hearing on the motion for December 30, 2015. (Notice, ECF No. 21).

On December 14, 2015, defendants filed a motion to compel discovery. (ECF No. 22). They also sought costs, pursuant to Rule 37(a)(5)(A), for bringing the motion. (*Id.*, PageID.229). The Court thereafter rescheduled the December 30 hearing for January 8, 2016, so that it could hear both pending motions on the same date. (Notice, ECF No. 24).

On January 8, 2016, the Court conducted a hearing on both motions. (Minutes, ECF No. 28). At the beginning of that hearing, the undersigned judicial officer expressed concerns about whether the motion to quash was properly before the Court, noting there were questions as to whether this was the proper court in which to bring the motion, and whether defendants had standing to bring it. The parties advised the Court that they had agreed to a tentative plan to resolve the dispute, and they asked the Court to hold the motion in abeyance. The Court agreed and held the motion to quash in abeyance for two weeks, ordering the parties to file a status report by the end of that time period regarding their efforts to resolve the issues in the motion. (Order, ECF No. 31). On January 20, 2016, the parties advised the Court that they had resolved the issues, and defendants withdrew their motion to quash. (Joint Notice, ECF No. 33).

With respect to defendants' motion to compel discovery, the Court conducted a hearing of approximately 35 minutes in length, at the conclusion of which granted the motion in its entirety. The Court also entertained arguments as to whether defendants were entitled to costs under Rule 37(a)(5)(A), which lasted some 8 minutes. That same day, the Court issued a written order granting the motions to

compel and for costs, and it directed defendants to file their petition for reasonable expenses. Defendants filed their petition on January 21, 2016 (ECF No. 35), and plaintiff filed its response on February 3, 2016 (ECF No. 44).

## Discussion

The basis for awarding reasonable attorney's fees and expenses is found in Rule 37(a)(5)(A), which provides, in pertinent part: "If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis supplied). There are only three exceptions to this mandate, *see* FED. R. CIV. P. 37(a)(5)(A)(i-iii), none of which apply here.

Having already found a sufficient basis for awarding expenses, the only remaining issue is the reasonableness of the fees sought. The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010).

### The Reasonable Hourly Rate

The Court begins this analysis by determining a reasonable hourly rate. "Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hadix v. Johnson*,

65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). There is a presumption in favor of the community market rates. *See, e.g., Blum*, 465 U.S. at 895 ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the '*prevailing market rate in the relevant community*.'" (quoting *Blum*, 465 U.S. at 895)) (emphasis in *Adcock-Ladd*); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986) ("We . . . apply the principle that hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question."). The so-called "community market rule" has the "principle virtue of being the easiest way to cope with the 'inherently problematic' task of ascertaining a reasonable fee in a situation where 'wide variations in skill and reputation render the usual laws of supply and demand inapplicable[.]'" *Hadix*, 65 F.3d at 536 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Having determined that the community market rule applies here, the next step is determining the prevailing market rate in the Grand Rapids area. In order to determine the local market rate, a court should rely on a combination of its own expertise and judgment. *Garber v. Shiner Enterprises, Inc.*, No. 1:06-cv-646, 2007 WL 4557857, *1 (W.D. Mich. Dec. 21, 2007) (citing *United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93, 2007 WL 1601747, *6

(M.D. Fla. June 1, 2007)).  The Court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates.  *See Garber*, 2007 WL 4557857 at *1 (citing *Educ. Career Dev., Inc.*, 2007 WL 1601747 at *3).  Other relevant sources include the attorney's actual billing rate and fee awards from prior cases.  *See Payton v. New Century Mortgage Corp.*, Nos. 03 c 333, 03 c 703, 2004 WL 524693, at *2 (N.D. Ill. Mar.11, 2004).

Defendants' lead counsel, Eric Linden, who is based in Southfield, Michigan, asks the Court to award an hourly rate of $425.00 for his work on the motion to compel.  (Linden Decl., ¶ 4, ECF No. 36, PageID.452-53).  The only justification he offers for this rate is the fact that he graduated from law school approximately 35 years ago, and that, other than serving as a judicial law clerk for a year, he has practiced in the same firm for his entire legal career.  (*Id.*).  The rate is manifestly too high, and the justification manifestly insufficient.

The Court has reviewed the most recent edition of the State Bar of Michigan's Economics of Law Practice in Michigan, which includes reported billing rates throughout Michigan.  *See* www.michbar.org/file/pmrc/articles/0000151.pdf (published July 2014).  This is an acceptable source.  *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010) (citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008)).  "District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *Wells*, 683 F. Supp.2d at 603 (citing *O'Connor*, 2008 WL 4910670, at *5 and *Lamar*

*Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)).

According to that survey, the "mean" hourly rate for attorneys with 31 to 35 years' experience is $276.00. *See* www.michbar.org/file/pmrc/articles/0000151.pdf, at Table 4. The "mean" hourly rate for civil litigators in the Grand Rapids area is $298.00. *See id.*, at Table 6. Informed with this information, it is the Court's judgment that an hourly rate of $300.00 for Mr. Linden is reasonable.

Defendants also seek an hourly rate of $350.00 for attorney Patrice Arend, who expended three hours conducting research regarding "discovery issues," and drafting parts of the motion to compel. (*See* Linden Decl., ¶ 5, ECF No. 36, PageID.453; ECF No. 36-1, PageID.457). In support of the $350.00 hourly rate for Ms. Arend, Mr. Linden simply states that she has practiced law for twenty years, and her hourly rate "is reasonable in light of her respective standing and experience." (Linden Decl., ¶ 5, ECF No. 36, PageID.453). Mr. Linden offers no hint, however, as to the nature of her "standing" or her "experience." As with Mr. Linden, defendants have failed to justify Ms. Arend's rate.

Given her limited role in the motion to compel, which involves work normally done by a junior associate, the Court will compensate defendants at a $200.00 hourly rate for the research and drafting done by Ms. Arend. *Cf.* www.michbar.org/file/pmrc/articles/0000151.pdf, at Table 4 (citing a "mean" hourly rate of $205.00 for attorneys with three to five years' experience).

## Hours Reasonably Expended

The next inquiry addresses the number of hours claimed. In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n, Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). The party seeking an award of attorneys' fees has the burden of proving the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 433; *see Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

The Court has considered the declaration of attorney Eric Linden. (ECF No. 36, Page ID 452-53). The Court has also reviewed the billing records submitted in support of the fee petition. (ECF No. 36-1). The information provided in Mr. Linden's declaration and in the time entries is cursory, at best.

Defendants claim that Mr. Linden expended a total of 8.6 hours preparing the motion to compel, which included "drafting and revisions" and "reading cases." (ECF No. 35, PageID.448 (5.7 hours drafting and revising and 2.9 hours in "[p]reparation for Motion to Compel, including reading cases"). The amount of time Mr. Linden expended is excessive. The memorandum in support of the motion to compel is quite simple and straightforward, consisting of ten pages. (*See* ECF No. 22, PageID.220-29). More than three pages of the brief simply recite the factual background of the case and the discovery dispute. (*See id.*, PageID.220-23). This is nothing more than a run-of-the-

mill discovery motion. An attorney of Mr. Linden's experience need not have expended nearly nine hours working on this project, particularly given that Ms. Arend spent three hours researching discovery issues and drafting part of the motion.[1]

The Court finds that the three hours Ms. Arend spent researching and drafting the motion is reasonable, and it will award defendants $600.00 for that work ($200.00 an hour times three hours). As for Mr. Linden's work supervising the project and making revisions, a total of five hours more than sufficient. Accordingly, defendants shall be awarded $1,500.00 for that work ($300.00 an hour times five hours).

The Court will not award any of the costs defendants seek regarding travel to and from the January 8, 2016, hearing, as they are duplicative of that which they would have incurred anyway. The hearing was scheduled to address two of defendants' motions, one of which was their motion to quash the nonparty subpoenas. Defendants' counsel incurred no greater travel expense to attend the hearing just because it also addressed the motion to compel.

Defendants' claim of 2.1 hours for counsel's attendance at the hearing is inexplicable. The part of the hearing in which the Court addressed the motion to compel lasted some 35 minutes, and the arguments regarding the motion for costs added 8 minutes. As the Court has already determined that travel time should not be

---

[1] "Purchasers of legal services generally require that work be performed by the person with the lowest billing rate who is competent to perform that service. This usually results in a greater expenditure of associate time, while partners perform only those tasks that they alone can do." *Fair Housing Center of S.W. Mich. v. Hunt*, No. 1:09-cv-593, 2013 WL 5719152, *15 (W.D. Mich. Oct. 21, 2013).

compensated, there is no reason to award defendants' more than one hour of counsel's time, or $300.00.

## Motion to Quash Third-Party Subpoenas

Defendants are not entitled to recovery of any costs associated with their motion to quash the third-party subpoenas, as they voluntarily withdrew that motion. (*See* Joint Notice, ECF No. 33). The Court's order stated with unmistakable clarity that defendants were to "file a petition for reasonable expenses incurred in making the motion to compel (ECF No. 22)[.]" (ECF 32, PageID.434). The order did not authorize any further briefing on defendants' motion to quash. Defendants' decision to devote most of their petition to a discussion of their withdrawn motion to quash – an issue no longer before the Court – is puzzling. Defendants cite no authority that would allow the Court to award sanctions against plaintiff based on a motion defendants voluntarily withdrew.

Moreover, even assuming that the motion to quash was still properly before the Court, defendants' arguments are untenable. Defendants unquestionably filed the motion to quash in the wrong court. Rule 45 explicitly provides that motions to quash or modify subpoenas must be brought in "the district where compliance is required." FED. R. CIV. P. 45(d)(3)(A). Defendants, in erroneously insisting that they were obligated to bring the motion in this district (*see* Petition at 3-4 n.3, ECF No. 35, PageID.449-50), apparently rely upon an outdated version of Rule 45. The rule was amended in 2013 to require "local resolution of disputes about subpoenas." FED. R. CIV. P. 45, Advisory Committee Notes, 2013 Amendment, Subdivision (f); *see*

*also Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1 n.1 (S.D. Ohio April 18, 2014) (Noting the April 16, 2013, amendment to Rule 45, which was effective December 1, 2013, and that the old version of Rule 45 had "required 'the issuing court' to quash or modify a subpoena."). This amendment was made to protect nonparties from the burden and costs of litigating in a distant court. *See* FED. R. CIV. P. 45, Advisory Committee Notes, 2013 Amendment, Subdivision (f).

Defendants' suggestion that the motion to quash could be transferred to this Court simply by the "seeming" consent of the third parties[2] (*see* Petition at 3-4 n.3, ECF No. 35, PageID.449-50) ignores the express terms of Rule 45(f). It is the court where compliance is required that decides whether to transfer the matter, not the parties. *See* FED. R. CIV. P. 45(f).

In addition, defendants' belated and conclusory argument regarding standing (*see* Petition at 3, ECF No. 35, PageID.449) falls well short of meeting their burden. They fail to explain how documents and information belonging to either of the subpoenaed third parties contained confidential, proprietary, or trade secret information belonging to defendants.

---

[2]This, of course, requires the Court to assume that the two nonparties have, in fact, consented to the transfer, and that they have retained the services of defendants' counsel for that purpose, the Court having heard from neither.

## Conclusion

For the reasons set forth herein, defendants' petition for reasonable expenses (ECF. No. 35) is **GRANTED in part** and **DENIED in part**. Their petition is granted to the extent that it will be awarded $2,400.00 in fees under Rule 37(a)(5)(A). The petition is otherwise denied.


Date:  April 8, 2016                           /s/ Phillip J. Green
                                                                             PHILLIP J. GREEN
                                                                             United States Magistrate Judge