UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MID AMERICA SOLUTIONS, LLC,

       Plaintiff,

                                         Case No. 1:15-cv-563

v.

                                         HON. ROBERT HOLMES BELL

MERCHANT SOLUTIONS
INTERNATIONAL, INC.,

       Defendant.

_____/


## OPINION

       This is a breach of contract case. Defendant Merchant Solutions International, Inc. is a merchant service provider, and Plaintiff Mid America Solutions, LLC, was an independent contractor working for Defendant. The matter is before the Court on Defendant's motions in limine. (ECF Nos. 99, 101, 103, 106, 108, 110, 112.) Plaintiff has filed a response to each. (ECF Nos. 115, 116, 117, 118, 119, 120, 121.)

## I.

       Questions of evidence admissibility are properly determined before trial. The Federal Rules of Evidence provide that "preliminary questions concerning . . . the admissibility of evidence shall be determined by the court[.]" Fed. R. Evid. 104(a). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." Fed. R. Evid. 401.  The standard for relevance is "liberal" under the Rules. *Churchwell v. Bluegrass Marine Inc.*, 444 F.3d 898, 905 (6th Cir. 2006); *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006).  A piece of evidence "does not need to carry a party's evidentiary burden to be relevant; it simply has to advance the ball." *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009).

But not all relevant evidence is admissible.  Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *United States v. Brady*, 595 F.2d 359, 361 (6th Cir. 1979).  Rule 403 creates a balancing test to help the Court determine whether evidence, although relevant, should be excluded.  The Court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Phillip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

Under Rule 403, "[e]vidence is not excluded merely because it is damaging or prejudicial to a defendant's case; rather, it must be unfairly prejudicial." *Brooks v. Caterpillar Global Mining America, LLC*, No. 4:14CV-00022-JHM, 2016 WL 3676764, at *2 (W.D. Ky. July 6, 2016) (internal citation omitted).  To warrant exclusion, "any danger of unfair prejudice posed by the evidence must *substantially outweigh* its probative value." *Id.* (internal citation omitted) (emphasis in original).  Rule 403 is "not concerned with the damage to the defendant's case that results from the legitimate probative force of the evidence[.]" *Id.* (internal citation omitted).  Rather, it applies when the evidence has an

undue tendency to suggest decision on an improper basis, like an emotional one.  *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citing Fed. R. Evid. 403 advisory committee's note); *see also Journey Acquisition-II, L.P., v. EQT Prod. Co.*, 830 F.3d 444, 459 (6th Cir. 2016) (citing *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011)).

## II.

### Defendant's First Motion in Limine (ECF No. 99)

Defendant first argues that evidence of an alternate agreement should be excluded under Rules 401 and 403 because the evidence is not relevant or probative, and will confuse the jury and waste time.  Defendant explains that both of the agreements contain the same language with respect to commissions calculations and Schedule A.  Defendant notes the different language in both agreements, but contends that the difference is of no consequence here.  Defendant also cites to Plaintiff's admission that Defendant's agreement was the agreement which governed the parties' relationship.  (ECF No. 99-2, PageID.2269.)

In Plaintiff's response, Plaintiff argues that this difference is "essential relevant evidence vis a vis the established course of conduct of the parties in executing their agreement over the course thereof."  (ECF No. 115, PageID.2683.)  Plaintiff argues that which agreement is controlling is material to both the complaint and Defendant's counter-complaint.

The Court has reviewed each agreement to determine whether the differences are relevant under Rule 401.  Each agreement contains a compensation paragraph, which states:

> Commission. MAS will be paid a residual commission equal to (see schedule A). This is a percentage of the annual projected Gross Profit attributable to merchant accounts obtained by MAS that have begun processing through one of the Company's processing banks. "Gross Profit" means the dollar value of the basis point difference between the discount rate and per-item fees charged to the merchant and the discount rate and per-item fees charged to the Company and its processing banks.

(ECF Nos. 99-1, 99-3, PageID.2261, PageID.2285.) But the agreements differ at the end of this paragraph, and Plaintiff's agreement includes a provision that, in case of breach, Plaintiff will be considered vested in all accounts. (ECF No. 99-3, PageID.2285-86.) The agreements also differ as to the term and termination provisions, including the duration of the covenant not to compete. (ECF Nos. 99-1, 99-3, PageID.2262, PageID.2286.)

Moreover, the Schedule A Compensation Agreements differ as to whether Plaintiff is entitled to 50% residual profit of the merchant's monthly volume or whether it is entitled to 50% profit of the merchant's monthly processing volume. (ECF Nos. 81, 99-1, PageID.1779, PageID.2264.) In addition, the Schedule As also differ as to Plaintiff's commission for equipment. (*Id.*)

Indeed, this is a breach of contract case, and Plaintiff's allegations depend on the commission calculation as determined by Schedule A. Thus, the differences between the agreements and the Schedule A calculations may make a fact of consequence more or less probable. Therefore, the alternate agreement and its Schedule A compensation agreement "advances the ball," and satisfies Rule 401's "liberal" standard.

Defendant argues that an alternate agreement will confuse the issues, mislead the jury, unfairly prejudice Defendant, and waste time under Rule 403. Defendant contends that the

sole purpose of this evidence would be "to illicit sympathy, accuse Defendant of engaging in fraudulent conduct, confuse the issues, and unfairly prejudice MSII."

The Schedule A language differs, and these differences alter the method of calculation for compensation.   Consequently, the probative value of the alternate agreement and Schedule A is high.   Although there is a risk that this evidence may confuse the issues, mislead the jury, unfairly prejudice Defendant, or waste time, its probative value is not "substantially outweighed" by this risk.   Fed. R. Evid. 403.   Therefore, the Court will deny Defendant's first motion in limine (ECF No 99).


**Defendant's Second Motion in Limine (ECF No. 101)**

Next, Defendant requests the Court to exclude evidence that Vantiv improperly paid Defendant because it is not relevant under Rule 401, and will confuse the trier of fact under Rule 403.  Vantiv is the entity that processed credit and debit card transactions for merchants successfully solicited by Plaintiff on behalf of Defendant.  Defendant argues that whether Vantiv paid Defendant correctly is not relevant to any fact of consequence but is simply calculated to confuse and inflame the jury.  Defendant contends that the case is about whether Plaintiff received its proper share of the residuals that Defendant received from Vantiv, and not whether Vantiv underpaid Defendant.

In Plaintiff's response to Defendant's motion for summary judgment, Plaintiff explained that the Vantiv records are "indisputable evidence of Defendant's breach of the agreement[.]" (ECF No. 77, PageID.1644.)  In its response to Defendant's motion in limine,

Plaintiff explains that it has not pleaded or made the argument that Vantiv did not properly pay Defendants.  Rather, Plaintiff seeks to introduce Vantiv records to show that some of the residuals "were diverted and never reached Plaintiff's sub-agent account and thus are not reflected as being paid in connection with Plaintiff nor are they accounted for in the Vantiv records that were reported."  (ECF No. 77, PageID.1643.)  This information has a tendency to make a fact of consequence more or less probable under Rule 401; thus, it is relevant evidence.  Moreover, the probative value of this evidence is high as it relates to whether Defendant properly paid Plaintiff under the agreement.  Even though there is a small risk that the evidence will confuse the trier of fact, its probative value is not "substantially outweighed" by that risk under Rule 403.  To the extent that the evidence bears on whether Defendant breached the agreement, the Court will deny Defendant's second motion in limine.

**Defendant's Third Motion in Limine (ECF No. 103)**

Defendant also requests the Court to prevent Plaintiff from introducing evidence regarding any purported damages outside of the two-year limitation period contained in the parties' agreement.  Alternatively, Defendant requests that the Court preclude Plaintiff from introducing evidence of damages outside of the six-year statute of limitations that governs contracts generally.

In Michigan, parties may contract for a period of limitation shorter than the applicable statute, and such contracts are to be enforced as written unless a contractual provision violates law or public policy.  *Rory v. Continental Ins. Co.*, 703 N.W. 2d 23, 43 (Mich.

6

2005).  The Sixth Circuit has opined that "[t]here is nothing inherently unreasonable about a six-month limitations period" for an employment contract.  *Myers v. W.-S. Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988).  Defendant argues that if a six-month limitations period is sufficiently lengthy, then a two-year period is more than sufficient.  In both agreements, the contract states "MAS agrees not to commence any action relating to this Agreement more than two years after the date of termination, and MAS waives any statute of limitations to the contrary."  (Agreement, ¶ 9, ECF Nos. 99-1, 99-3, PageID.2263, PageID.2287.)

Plaintiff contends that the six-year statute of limitations under Mich. Comp. Laws § 600.5807(8) should apply.  Plaintiff also argues that Defendant terminated its relationship with Plaintiff on June 16, 2015, so Plaintiff had two years from that date to bring a cause of action.  Plaintiff filed its suit before the two-year period expired, thus fulfilling its contractual obligation under paragraph 9.

The Court finds the contract's two-year period of limitation reasonable as it does not violate law or public policy, and will enforce the provision as written.  The contractual provision provides that Plaintiff will not "commence any action" more than two years after termination; it does not restrict damages to those occurring in the final two years of the contract relationship.  Thus, the Court will apply Mich. Comp. Laws § 600.5807(8), which requires a breach-of-contract claim to be brought within six years from the date the claim accrued.  Mich. Comp. Laws § 600.5807(8); *see also HJ Tucker & Assocs. Inc. v. Allied Chucker & Eng. Co.*, 595 N.W. 2d 176, 183 (Mich. Ct. App. 1999) ("A claim of breach of contract accrues when the promisor fails to perform under the contract.").  Accordingly, the

Court grants Defendant's third motion in limine to preclude any claims of damages arising

more than six years prior to June 2, 2015, when Plaintiff filed its complaint.

**Defendant's Fourth Motion in Limine (ECF No. 106)**

Defendant requests the Court to prevent Plaintiff from introducing evidence or

argument that Plaintiff was entitled to receive 50% of everything that Defendant received

from Vantiv under Rules 401 and 403.  Defendant argues that the plain language of the

agreement provides that commissions are paid on "Gross Profit," which is defined as "the

dollar value of the basis point difference between the discount rate and per-item fees charged

to the merchant and the discount rate and per-item fees charged to the Company and its

processing banks." (ECF No. 106-1, PageID.2355.)  Defendant also cites to the deposition

testimony of Plaintiff's principal, Ron Smith, where he admitted that Plaintiff did not get a

share of Vantiv's residual payments for many types of fees and charges assessed against the

merchant, and is entitled to only a 50% share of residuals arising from transaction fees and

processing volumes.  (ECF No. 106-2, PageID.2368-69, PageID.2375-76, PageID.2378,

PageID.2380.)

As discussed above, there is a question of fact as to which agreement and Schedule

A was controlling, and the trier of fact will make this determination.  Likewise, it is for the

trier of fact to determine, based on the controlling agreement, the amount Defendant owed

Plaintiff.  This evidence is relevant, and its probative value is not substantially outweighed

by the risk that it will confuse the trier of fact.  But Defendant is free to use its agreement or

Mr. Smith's deposition testimony for impeachment purposes during trial.  Therefore, Defendant's fourth motion in limine is denied.

**Defendant's Fifth Motion in Limine (ECF No. 108)**

Defendant next asks the Court to preclude Plaintiff from admitting into evidence any of the "summary sheets" attached to Plaintiff's cross-motion for summary judgment (ECF No. 77) under Rule 1006.  Along with these summary sheets, Plaintiff attached affidavits but the affidavits do not explain how the summary sheets were prepared, who prepared them, which specific documents were relied upon during the preparation, or the process by which the figures were computed.

Rule 1006 permits summaries to prove content, but provides strict requirements:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.  And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006.  The Sixth Circuit has interpreted Rule 1006 as

> imposing five requirements for the admission of an evidentiary summary: (1) the underlying documents must be so voluminous that they cannot be conveniently examined in court, (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place, (3) the underlying documents must be admissible in evidence, (4) the summary must be accurate and nonprejudicial, and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

*United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002) (citing *United States v. Bray*, 139

F.3d 1104, 1109-10) (6th Cir. 1998)).

In its response, Plaintiff explained that new and additional summary sheets have been

completed and were given to Defendant; therefore, Defendant's motion is moot.  Although

Plaintiff contends that Defendant has had the underlying data since discovery, Plaintiff must

clearly inform Defendant of exactly which documents were relied upon, how the summary

sheets were prepared, and the process by which the figures were computed.  If any of the

underlying documents were not given to Defendant during discovery, Plaintiff must make the

originals or duplicates available for examination and copying by Defendant at a reasonable

time and place prior to trial, in accordance with Rule 1006.  Plaintiff must ensure that

Defendant has sufficient time to review the underlying documents in advance of trial.  These

documents must be specifically described and made available to Defendant, along with

information regarding how the summary sheets were prepared and its figures were computed,

before the final pretrial conference on December 8, 2016.  Further, the Court orders Plaintiff

to produce in court the original or duplicate underlying documents used to prepare the new

summary sheets.  Thus, Defendant's fifth motion in limine is denied to the extent that Plaintiff

follows the requirements of Rule 1006 and this opinion.


**Defendant's Sixth Motion in Limine (ECF No. 110)**

Defendant also asks the Court to preclude evidence that Plaintiff is entitled to damages

based on 70 basis points of processing volume under Rules 401 and 403.  Defendant argues

that the 70-basis-point calculation is not consistent with evidence Plaintiff obtained, which

shows what Newtek paid Defendant for Plaintiff's merchants.  Plaintiff argues that Defendant

has confused margins with residuals earned, and argues that residuals earned were to be

evenly-split between the parties according to the Vantiv/NPC marketing agreement.  Plaintiff

contends that residuals were already calculated prior to payment to Defendant.  Both parties

seem to agree that they were to split the residuals received from Newtek, and both have

records produced by Newtek indicating the amount Newtek actually paid Defendant.  To the

extent that Plaintiff utilizes a 70-basis-point calculation to speculate as to the amounts Newtek

paid Defendant, that evidence is not relevant because the Newtek records clearly indicate the

amount paid.  Plaintiff does not provide any explanation as to the Vantiv/NPC marketing

agreement it cites to support the split of 70% between the parties nor does it indicate how a

70-basis-point calculation is relevant.  Moreover, Plaintiff admits that Defendant need not

recalculate the residuals received from Vantiv, and that the residuals are to be evenly split on

a 50/50 basis.  Thus, the Court will grant Defendant's sixth motion in limine.

**Defendant's Seventh Motion in Limine (ECF No. 112)**

Defendant finally requests the Court to prevent Plaintiff from introducing evidence of

damages because Plaintiff failed to provide any evidence to support its claim for damages

during discovery.  Defendant contends that Plaintiff did not provide a damage figure until

November 1, 2016, seven months after the close of discovery, and has not provided any

computation of its damages.  In addition, Plaintiff has failed to produce for Defendant's

inspection any materials relied upon to make its damage computation.  Defendant also

contends that Plaintiff has not disclosed the identity of any witnesses who would testify at trial

in support of Plaintiff's damages for breach of contract.

In Plaintiff's amended Rule 26(a)(1) disclosures, it failed to specify the amount of

damages, and stated "Plaintiff is seeking the relevant documents from which to determine

damages and will as accurately as possible compute the damages that are able to be

ascertained without the trier of fact as soon as discovery is complete."  (ECF No. 112-3,

PageID.2545.)  On January 8, 2016, Magistrate Judge Green granted Defendant's motion to

compel discovery, and ordered Plaintiff to produce, within 14 days of the order, full and

complete responses, answers, and responsive documents for Defendant's discovery requests.

(ECF No. 32.)  On June 24, 2016, Magistrate Judge Green granted in part Defendant's motion

for sanctions and ordered Plaintiff to supplement its discovery responses.  (ECF No. 83.)

> Under the Federal Rules of Civil Procedure, a party must initially disclose
>
> a computation of each category of damages claimed by the disclosing party--
> who must also make available for inspection and copying as under Rule 34 the
> documents or other evidentiary material, unless privileged or protected from
> disclosure, on which each computation is based, including materials bearing
> on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).  A party must make its initial disclosures within 14 days after

the parties' Rule 26(f) conference unless a different time is set by stipulation or court order.

Fed. R. Civ. P. 26(a)(1)(C).  And it must do so "based on the information then reasonably

available to it.  A party is not excused from making its disclosures because it has not fully

investigated the case[.]"  Fed. R. Civ. P. 26(a)(1)(E).

Moreover, Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c); *see also Ames v. Van Dyne*, No. 95-3376, 1996 WL 662899, at *4 (6th Cir. Nov. 13, 1996) (observing that "Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material"); *King v. Ford Motor Co.*, 209 F.3d 886, 900 (6th Cir. 2000) (affirming the district court's exclusion of expert testimony under Rule 37(c)(1) for failure to comply with the strictures of 26(a)).  It is the non-moving party's burden to show that the non-disclosure was harmless or substantially justified.  *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 755-57 (E.D. Mich. 2008).  The exclusion of undisclosed evidence is "automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."  *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 983 (6th Cir. 2004).

Plaintiff argues that it did not receive the Vantiv documents until shortly before Defendant filed its motion for summary judgment on May 31, 2016, and Plaintiff could not have known the amount it was underpaid without reviewing those documents.  Plaintiff contends that it was unable to perform a preliminary calculation of damages before receiving this information, and upon receipt, it included this figure in its response to Defendant's motion for summary judgment.  Plaintiff further asserts that it has provided "more accurate summaries" to Defendant on November 23, 2016.  (ECF No. 121, PageID.2724.)  Plaintiff does not explain why it waited to furnish the more accurate summaries to Defendant until eight days before the initial final pretrial conference was scheduled.  Plaintiff explains that it prepared these summaries once it received the court-ordered Vantiv documents.  But

13

Plaintiff had these documents before May 31, 2016. Plaintiff has failed to show that its delay in providing Defendant with more accurate summaries of damages was substantially justified or harmless. Therefore, under Rule 37(c), the Court is required to grant Defendant's motion in part, and will exclude any new or "more accurate" damage calculations that were not relied upon by Plaintiff in its response to Defendant's motion for summary judgment (ECF No. 77).

Defendant also requests that the Court preclude Plaintiff from introducing evidence of damages following the termination of the agreement. Defendant argues that Plaintiff's damage claim is new and is not based on anything previously filed in the case. The Court agrees. Plaintiff has brought a breach-of-contract claim against Defendant for improper payment of residuals during the course of the parties' business relationship. Magistrate Judge Green previously denied Plaintiff's motion to compel post-termination documents. (ECF No. 83.) This evidence is not relevant, and the Court will grant Defendant's motion in limine with respect to any evidence relating to post-termination damages.

### III.

To conclude, although the Court denied several of Defendant's motions in limine, the Court's ruling was based on Plaintiff's proffered probative value of the evidence. If Plaintiff introduces the evidence for an unfairly prejudicial purpose, or if the probative value is substantially outweighed by this risk of unfair prejudice or confusion of the issues, Defendant may raise such an objection at trial.

An order will enter in accordance with this opinion.


Dated: December 1, 2016                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE

14